946 So.2d 112 (2007)
R.T., a child, Appellant,
v.
STATE of Florida, Appellee.
No. 1D06-2352.
District Court of Appeal of Florida, First District.
January 5, 2007.
*113 James T. Miller, Jacksonville, for Appellant.
Charlie Crist, Attorney General, and Diego Puig, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
In this juvenile delinquency appeal, Appellant seeks review of an order adjudicating him delinquent and committing him to the Department of Juvenile Justice (DJJ) for high-risk residential placement. We write only to address Appellant's complaint that the trial court failed to adequately specify its reasons for an upward departure from the recommendation by the DJJ. Because the trial court erred when it failed to reference the characteristics of a high-risk facility in relation to Appellant's needs and failed to explain why its consideration of the evidence led to a different conclusion than that recommended by the DJJ, we must reverse.
Section 985.23(3)(c), Florida Statutes (2005), provides,
The court shall commit the child to the department at the restrictiveness level identified or may order placement at a different restrictiveness level. The court shall state for the record the reasons which establish by a preponderance of the evidence why the court is disregarding the assessment of the child and the restrictiveness level recommended by the department.
We have consistently held that when a trial court departs from the DJJ's recommendation, it "must not only state its reasons for disregarding the recommended restrictiveness level on the record, the reasons must also be supported by a preponderance of the evidence and must make reference to the characteristics of the restrictiveness level vis-a-vis the needs of the child." C.C.B. v. State, 828 So.2d 429, 431 (Fla. 1st DCA 2002) (citing A.C.N. v. State, 727 So.2d 368, 370 (Fla. 1st DCA 1999)).
Here, although the DJJ's official recommendation included a moderate risk placement, at the disposition hearing the DJJ *114 representative acknowledged that Appellant is in fact a high-risk child and that its recommendation was changed to moderate risk only because Appellant could be placed more quickly in a moderate-risk facility. The trial court, however, disagreed with the DJJ's moderate risk recommendation, finding that public safety concerns dictate that Appellant should be sentenced to a high-risk facility and remain securely detained.
While community protection is an appropriate reason to depart from the DJJ's recommendation, the court must explain why a more restrictive program will protect the community. See A.C.N., 727 So.2d at 371 (explaining that the deviation was insufficient because the trial court did not state how the violent or serious nature of appellant's offenses might establish the need for a more secure placement). The record here demonstrates that this is at least Appellant's third encounter with the law, and all of the incidents involve firearms. Although the trial court implicitly stated that the public will be safer with Appellant placed in a high-risk facility because of his propensity to carry guns, this is not stated on the record.
Furthermore, the DJJ did consider Appellant's previous encounters with the law in making its recommendation; therefore, the trial court is required to explain why it reached a different conclusion and how this placement will meet Appellant's needs. See C.J. v. State, 923 So.2d 553 (Fla. 1st DCA 2006). The focus of the placement must be the needs of the child. N.B. v. State, 911 So.2d 833 (Fla. 1st DCA 2005). Because the trial court failed to reference the characteristics of the restrictiveness level in relation to Appellant's needs, we reverse the trial court's disposition order and remand for further proceedings.
Appellant's second issue raised on appeal is affirmed without comment.
AFFIRMED in part, REVERSED in part, and REMANDED.
KAHN, HAWKES, and THOMAS, JJ., concur.